UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
ONPOINT PROPERTY TECH, INC., :
: Case No. 1:20-cv-815
    Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Docs. 24, 25, 36,
: 37, 46, 49, 58, 62]
GREGORY BABBITT, *et al.*, :
:
    Defendants. :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Court laid out the relevant case facts in its February 4, 2021 order disposing of the parties' dueling motions for summary judgment.[1] The case is set for a February 16, 2021 bench trial. The parties have filed several discovery related motions, which the Court takes up in this order:

First, the parties have engaged in extensive briefing surrounding damages expert reports, including various time extension requests[2] and motions for the Court to reconsider its December 11, 2020 Order allowing Plaintiff OnPoint to retain a rebuttal expert in Response to Defendants' December 4, 2020 damages expert report.[3]

The Court believes that both parties are entitled to present and rely on the expert damages reports and believes that the parties' respective modest time extension requests were reasonable and appropriate. The Court further finds that any delays in expert or rebuttal

---

[1] Doc. 66.
[2] Doc. 24; Doc. 25; Doc. 36.
[3] Doc. 37; Doc. 58.

Case No. 1:20-cv-815
Gwin, J.

expert discovery were substantially justified or harmless under Federal Rule of Civil Procedure 37(c)(1) and thus are no impediment to the parties' use of their respective reports.[4]

Accordingly, Defendants' motion for extension of time to file their damages expert report and Plaintiff's motion for extension of time file their own damages expert report are **GRANTED**. Further, Defendants' motion and supplemental motion for reconsideration of the Court's order granting Plaintiff OnPoint leave to present a rebuttal expert are **DENIED**.

Second, Plaintiff OnPoint has moved to quash Defendants' subpoena for information related to the income and value of assets that Plaintiffs received under the parties' purchase agreement, including post-closing tax returns and profit and loss statements.[5] The Court believes that Defendants' requests are proportional to the needs of the case and are likely to produce evidence probative of the damages element of Plaintiff OnPoint's claims. Therefore, Plaintiff's motions to quash the subpoena requesting these documents are **DENIED**. Plaintiff will be required to present a witness competent to testify to these facts.

Third, Defendants have moved to compel a Federal Rule of Civil Procedure 30(b)(6) Deposition of a corporate representative of Plaintiff OnPoint.[6] Plaintiff opposes on two grounds. The first is the just-rejected argument that Defendant is not entitled to discovery of various post-closing financial documents relevant to Plaintiff's damages.[7] The second is that the requested Rule 30(b)(6) deposition would be duplicative of previous depositions Defendant has taken of Plaintiff representatives Chris Jurasek and Albert Spell.[8]

---

[4] *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015).
[5] Doc. 46; Doc. 49.
[6] Doc. 62.
[7] *Id.*
[8] *Id.*

Case No. 1:20-cv-815
Gwin, J.

Plaintiff has agreed that Defendant can use Jurasek and Spell's testimony for Rule 30(b)(6) purposes. The Court requires Defendant specifically designate any Rule 30(b)(6) areas of testimony that Plaintiff's officers did not testify regarding.

The Court thus directs Defendant identify information that previous Plaintiff representative depositions have not provided, for Plaintiff to select a representative to provide further necessary information at a Rule 30(b)(6) deposition in the very near future, and to set a date for said deposition by close of business on February 5, 2021.

IT IS SO ORDERED

Dated: February 4, 2021              *s/     James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE